## CALEB V. ALLEN *versus* JOHN G. METCALF.

The defendant, as clerk of a school district, certified to the assessors, that at a legal meeting of the district, it was voted to raise a sum of money ; and the assessors thereupon assessed the same. It was *held*, that the clerk was not liable to a person who had been arrested for non-payment of such tax, in an action on the case, brought on the grounds of irregularity in the calling of the district meeting at which the clerk was elected, or illegality in the mode of calling and conducting the meeting at which such vote was passed.

THIS was an action on the case against the defendant as the acting clerk of School District No. 2, in Mendon.

The parties stated a case.

On October 29, 1829, the defendant delivered to the then assessors of the town of Mendon, the following certificate :

" Gentlemen, As clerk of the second school district in Mendon, I now certify to you, that the following vote was passed at a legal and duly organized meeting of the inhabitants of said district, holden December the 14th, 1827 : ' Voted, that the district raise the sum of eight hundred dollars, and cause the same to be assessed and collected for the purpose of building a schoolhouse in said district.' John G. Metcalf, Clerk Second School District "

The assessors thereupon assessed the sum of $800 upon the inhabitants of the district, and delivered their warrant for the collection of the same, to the collector of the town.

By virtue of such warrant the collector arrested the plaintiff, who was an inhabitant of the district, and thus collected of him the sum for which he was assessed.

Allen
v.
Metcalf.

It further appeared, that the defendant was elected cleik of the district, at a meeting of the voters thereof held on October 13, 1827, in pursuance of a warrant issued by the selectmen of Mendon ; that there was no article in such warrant in relation to the election of a clerk ; that at a meeting on October 19th, it was voted, that all future meetings should be warned by posting up notifications signed by the clerk, of the time, place and purposes thereof, seven days previously to the meeting ; that on the 28th of November, the defendant, without any warrant from the selectmen, or from any other authority, issued the notice for the meeting on December 14, 1827, referred to in his certificate ; and that at such meeting a person was permitted to vote, although, upon being objected to, he stated that he had not paid a tax for the two previous years, but that he expected to pay one for the two years which were to come ; and that this fact was known to the defendant at the time when he made his certificate.

It further appeared, that more than four years had elapsed after the arrest of the plaintiff and his payment of the tax, before this action was commenced.

A nonsuit or default was to be entered, according to the opinion of the Court.

*Washburn*, for the plaintiff. If the certificate of the defendant was false, he is answerable in the present form of action, for the consequences, although trespass does not lie against him. *Taft* v. *Metcalf*, 11 Pick. 456. In all cases where a man suffers damage by the wrong of another, he may have an action upon the case. Com. Dig. *Action upon the case, A ; Millar* v. *Taylor*, 4 Burr. 2345 ; *Adams* v. *Paige*, 7 Pick. 549. Suppose that the defendant was not legally elected clerk, still he was clerk *de facto*, and his acts in that capacity were valid, so far as they regarded third persons. *People* v. *Collins*, 7 Johns. R. 553 ; 3 Dane's Abr. 73 ; and the assessors were authorized to act upon his certificate, though they could have refused. *Waldron* v. *Lee*, 5 Pick. 329. The wrong was therefore done by the defendant's procurement, and he is responsible for the consequences.

If the defendant was duly elected clerk, he was then a mere ministerial officer ; *Perry* v. *Dover*, 12 Pick. 210 ; *Lincoln*

*Oct. 6th.*

18 *

Allen
v.
Metcalf.

v. *Hapgood*, 11 Mass. R. 350 ; *People* v. *Collins*, 7 Johns. R. 549 ; *Thompkins* v. *Sands*, 8 Wendell, 466 ; and as a ministerial officer, he was liable for all misfeasances whereby another was injured.   Com. Dig. *Action on the case for misfeasance, A*, (Day's edit.) and note ; *Thompkins* v. *Sands*, 8 Wendell, 466 ; *M'Millan* v. *Eastman*, 4 Mass. R. 378 ; *Saxton* v. *Nimms*, 14 Mass. R. 315 ; *Waldron* v. *Lee*, 5 Pick. 323 ; *Bagg's case*, 11 Co. R. 99 ; 2 Esp. Dig. 647 , Com. Dig. *Action on the case for a deceipt, A* 6 ; *Riddle* v. *Proprietors of the Locks and Canals, &c.* 7 Mass. R. 187 ; 3 Dane's Abr. 28.   If it is necessary to prove malice in order to charge the defendant, the falsity of the certificate is evidence of malice.   2 Stark. on Evid. 903, 904, 905, 912 ; *Bodwell* v. *Osgood*, 3 Pick. 379.

But it is not necessary that the plaintiff should prove malice ; and if an averment of malice is inserted in the declaration, it cannot be put in issue.   *Adams* v. *Paige*, 7 Pick. 542 ; *Lincoln* v. *Hapgood*, 11 Mass. R. 356 ; 3 Dane's Abr. 64, 74 ; *Brown* v. *Compton*, 8 T. R. 424 ; *Nichols* v. *Thomas*, 4 Mass. R. 232 ; *Cole* v. *Fisher*, 11 Mass. R. 138 ; *Russell* v. *Palmer*, 2 Wils. 325.

*Merrick* and *Hastings*, for the defendant, to the point, that the remedy of the plaintiff, if he ever had any, was against the assessors only, cited *Stetson* v. *Kempton*, 13 Mass. R. 272 ; *Taft* v. *Metcalf*, 11 Pick. 456 ; *Little* v. *Merrill*, 10 Pick. 543 ; *Taft* v. *Wood*, 14 Pick. 362 ; to the point, that this was an action of a new impression, *Lamb* v. *Stone*, 11 Pick. 527 ; Com. Dig. *Action on the case, B* ; and to the point, that the defendant could not be charged unless the falsity of the certificate was known at the time when it was made, Com. Dig. *Action on the case for deceipt, F* 2 ; *Addington* v. *Allen*, 11 Wendell, 374 ; *Wickwane* v. *Bryan*, 11 Wendell, 545.

SHAW C. J. afterward drew up the opinion of the Court. The question in the present case is, whether the defendant, as clerk of a school district in Mendon, is liable to an action on the case at the suit of the plaintiff, for having made a false certificate, by which the plaintiff has been wrongfully subjected to the payment of a school district tax.

The act under which this proceeding was had, *St.* 1826, *c.* 143, § 10, in enumerating the powers of school districts, provides among other things, that they shall have power " to choose a clerk, who shall be sworn faithfully to discharge the duties of h's office, and whose duty it shall be to make a fair record of all votes passed at any meeting of said district, and to certify the same when required, and shall hold such office until anoth er person shall be chosen and sworn in his room." And in § 11 it is made the duty of assessors to assess, &c. all moneys voted to be raised by the inhabitants of such district for the purposes aforesaid, in thirty days after the clerk of the district shall certify to said assessors the sum voted by the district to be raised as aforesaid."

These clauses indicate the duties of the clerk so far as they concern this question ; and they are obviously ministerial, being in the first instance to record the doings of the inhabitants of the district at their meetings, and afterwards to truly certify those doings to the assessors.

The gravamen of the plaintiff's complaint, the ground on which he alleges that the certificate was not true, is twofold ; that the defendant falsely certified, 1. That he was the clerk of the district, when in truth he was not chosen at a meeting lawfully called for that purpose ; and 2. That the meeting was legally called and held ; whereas there were informalities in the mode of calling and notifying the meeting, and illegality in conducting it, by the allowance of unqualified voters and otherwise.

But the Court are of opinion, that the action cannot be maintained on either ground, upon the facts disclosed in the case stated.

As to the first, it is only by implication, and not in direct terms, that he certifies that he is clerk ; but as clerk, he certifies. But without laying stress on this circumstance, we think it is sufficient for this purpose, that he was clerk of the district *de facto*, filling and exercising the office, having been chosen and sworn, and that the regularity of the calling of the meeting at which he was first elected, cannot be questioned collaterally, in this mode.

On the other point, the phrase with which he prefaces the

Allen
*v.*
Metcalf.

statement of the vote, " at a legal meeting,' &c. is the usual mode of designating such and similar meetings, and does not render the clerk responsible for the legality and correctness of either warning or conducting the meeting. Construed according to the subject matter, and the relation in which the defendant stood as the recording and certifying officer of the district, bound by his duty and his oath to, certify the doings of the district to the assessors of the town, when those doings result in the levy of a tax, for a purpose contemplated by law, such a certificate must be deemed to be true, if a meeting of the district was actually called, warned and held, and such a vote was then passed and recorded, whether the meeting was in due form of law called, or not, and although at such meeting an unqualified person was permitted to vote, or otherwise the meeting was conducted irregularly, or not. These are matters over which the clerk has no control, and are particuars to which the certificate of the votes of such meeting has no application.

*Plaintiff nonsuit*